CLARK, Justice,
additionally concurring.
|,I agree with the court’s opinion, but write separately to concur so that I may address an aspect of the defense’s argument in brief regarding the “strike or waive” rule announced by this court in State v. Fallon, 290 So.2d 273 (La.1974), and generally followed thereafter. The defendant points out the court, in State v. Lucky, 96-1687 (La.4/13/99), 755 So.2d 845, with similar factual circumstances (a defendant faced with the choice to use an available peremptory challenge on a par *335 ticular juror or save them for remaining jurors), analyzed the merits of Lucky’s claim instead of finding the defendant waived review of the issue. As observed by the court, there is a factual distinction between this case and Lucky. Opinion, p. 310 fn. 25.
Even if there was no difference, however, the fact that the court in Lucky examined the merits of the defendant’s claim rather than automatically applying the “strike or waive” rule should not be interpreted as weakening or providing an exception to the court’s previous holdings. When the court is presented with an appropriate fact situation, the court sometimes analyzes the merits of a claim to discuss or emphasize a particular point of law, even though the claim may be dispensed with on other grounds. In Lucky, the court found an appropriate fact situation in which to expound on the often-arising issue of a prospective juror’s predisposition to a particular penalty in a capital trial. See Lucky, 1996-1687 p. 6-8, 755 So.2d at 850-851. The fact the court took the opportunity to reject Lucky’s |2claim on other grounds, and to give guidance to the lower courts on a recurring issue, does not weaken or provide an exception to the “strike or waive” rule.